## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BERNICE DIOP,

      Plaintiff,

v.                                    Case No. 12-14377

BSI FINANCIAL SERVICES, INC.,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Bernice Diop submitted an eight-count complaint against Defendant BSI Financial Services, Inc., alleging wrongs arising from the servicing of a mortgage. In response to Defendant's motion to dismiss, Plaintiff agrees to the dismissal of each count except a count under the Real Estate Settlement Procedures Act (RESPA) and a count under the Fair Credit Reporting Act (FCRA).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the case filing system, Plaintiff's attorney has begun 602 actions in this district. Plaintiff's complaint is among the many complaints in these actions that assert form RESPA and FCRA claims. Only the name of the defendant changes. *See, e.g.*, *Lenhard v. Citimortgage, Inc.*, 11-11810 (Dkt. # 1 at 4-5, 10-11) (RESPA and FCRA), 2012 WL 760918, *3 (dismissing both claims) (E.D. Mich. 2012); *Vitti-Carlesimo v. Bank of America N.A.*, 12-14902 (Dkt. # 1 at 8-9) (E.D. Mich.) (RESPA); *McDonald v.*

*Huntington National Bank*, 11-15066 (Dkt. # 1 at 4-5) (E.D. Mich.) (RESPA); *Armstrong v. Resurgent Capital Servs. L.P.*, 12-11655 (Dkt. # 1 at 4-5) (E.D. Mich.) (FCRA); *Cleveland v. Santander Consumer USA, Inc.*, 12-11302 (Dkt. # 1 at 3-5) (E.D. Mich.) (FCRA).  Like the other complaints, Plaintiff's complaint recites the bare elements of a claim but states no supporting facts.  As a result, several allegations in the complaint remain implausible.

RESPA requires a loan servicer to respond promptly to a letter from a borrower that includes, among other things, either "reasons for [the] borrower's belief that [an] account is in error or . . . detail [about] other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B)(i)-(ii).  The complaint says that Plaintiff sent Defendant a writing that "indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information[,]" (Dkt. # 1 at 3), but the complaint states neither the reason nor the detail to which it alludes.  In addition, Plaintiff fails to allege facts supporting her allegation that a violation of RESPA damaged her.  *See Battah v. Resmae Mortgage Corp.*, 746 F.Supp.2d 869, 876 (E.D. Mich. 2010).

In defense of the FCRA claim, Plaintiff cites the following paragraph in the complaint:

> [Defendant] was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

2

(Dkt. # 7 at 6.)  This paragraph contains no supporting facts.  Further, Plaintiff offers no legal analysis showing that the elements stated in the paragraph would, if supported by facts, state a claim for legal relief.

Defendant seeks dismissal with prejudice, but "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint[.]"  *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008).  Accordingly,

IT IS ORDERED that the motion to dismiss [Dkt. # 6] is GRANTED, that counts II-III and V-VIII are DISMISSED WITH PREJUDICE, and that counts I and IV (the RESPA and FCRA claims) are DISMISSED WITHOUT PREJUDICE.  Plaintiff may submit an amended complaint alleging claims under RESPA and FCRA by **February 1, 2013**.


 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 17, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 17, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522